1  Joseph H. Harrington
   United States Attorney
   Eastern District of Washington
2  Laurel J. Holland
   Alison L. Gregoire
3  Assistant United States Attorneys
   402 E. Yakima Avenue, Suite 210
4  Yakima, Washington 98901
   (509) 454-4425
5

6

7

8

9

10



11  UNITED STATES OF AMERICA,

12              Plaintiff,
                                        4:18-CR-6029-~~SMJ~~ *EFS*
13
                                        Plea Agreement
14      vs.                             Rule 11(c)(1)(C)

15

16  DALE GORDON BLACK,

17
                Defendant.
18

19
20      Plaintiff, United States of America, by and through Joseph H. Harrington,

21  United States Attorney for the Eastern District of Washington, and Laurel J. Holland,

22  and Alison L. Gregoire, Assistant United States Attorneys for the Eastern District of

23
24  Washington, and the State of Washington by and through Andy Miller, Benton

25  County Prosecuting Attorney, and Anita I. Petra, Deputy Prosecutor for Benton

26  County, and Defendant, DALE GORDON BLACK, and Defendant's counsel, Scott

27

28                                      1

Black Plea Agreement

W. Johnson, agree to the following Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

Introduction

Defendant, DALE GORDON BLACK, is presently charged in the Eastern District of Washington by Indictment, filed on June 5, 2018, in case number 4:18-CR-6029-SMJ, with Production of Child Pornography, in violation 18 U.S.C. § 2251(a), in Counts One, Two, and Three, Transportation of Minors for Illegal Sexual Activity, in violation of 18 U.S.C. § 2423(a), in Count Four, Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), in Count Five, Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), in Count Six, and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), in Count Seven.

Defendant is also charged by the State of Washington, in and for the County of Benton. Defendant is charged by First Amended Information (case number 17-1-00383-6), filed on October 24, 2018, with Rape of a Child in the First Degree, in violation of RCW 9A.44.073 (Count 1), Child Molestation in the First Degree, in violation of RCW 9A.44.083 (Count 2), and Child Molestation in the Third Degree, in violation of RCW 9A.44.089 (Count 3).

Defendant wishes to resolve all of these pending federal and state charges as part of a single, global resolution. The United States Attorney's Office for the Eastern

District of Washington and the Benton County, Washington, Prosecuting Attorney's Office agree to such a resolution, as set forth herein.

1. Guilty Pleas and Maximum Statutory Penalties

A. Federal Charges:

Defendant, DALE GORDON BLACK, agrees to plead guilty to Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), as charged in Counts One, Two, and Three, of the Indictment, filed on June 5, 2018.

Defendant understands that each count of Production of Child Pornography carries a maximum penalty of not less than fifteen (15) years nor more than thirty (30) years imprisonment, a fine not to exceed $250,000, a term of supervised release of not less than five (5) years up to life, and a $100 special penalty assessment. Defendant also understands that these penalties can be ordered to be served consecutively.

Pursuant to the Justice for Victims of Trafficking Act of 2015, upon conviction, an additional mandatory special assessment of $5,000 must also be imposed unless the sentencing court finds Defendant to be indigent.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

//

B. Washington State Charges:

Defendant, DALE GORDON BLACK, also agrees to plead guilty in the Superior Court of the State of Washington in and for the County of Benton, to Counts One through Three of the First Amended Information filed in case number 17-1-00383-6, filed on October 24, 2018, specifically Rape of a Child in the First Degree (Count One), Child Molestation in the First Degree (Count Two) and Child Molestation in the Third Degree (Count Three). The Washington State charges will be resolved by separate plea agreement, to be filed with the Benton County, Washington, Superior Court. Pursuant to that agreement, the State of Washington agrees to recommend a term of imprisonment of no more than 35 years to run concurrent to the federal sentence.

2. Fed. R. Crim. P. 11(c)(1)(C) Plea:

The United States and Defendant agree that this Plea Agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and to recommend Defendant be sentenced to a term of 15 to 35 years of imprisonment per count in the above captioned federal case for Production of Child Pornography in Counts One, Two, and Three, to run concurrently.

Defendant understands that this is a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). The United States may withdraw from this Plea Agreement if the Court imposes a sentence less than 15 years. Defendant further understands that

Black Plea Agreement

4

Defendant will have the option to withdraw from this Plea Agreement if the Court imposes a sentence greater than 35 years.

3. Waiver of Constitutional Rights

Defendant, DALE GORDON BLACK, understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a)    The right to a jury trial;

(b)    The right to see, hear and question the witnesses;

(c)    The right to remain silent at trial;

(d)    The right to testify at trial; and

(e)    The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.  Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. Elements of the Offenses

A.    <u>Production of Child Pornography</u> (Counts One, Two, and Three)

The United States and Defendant agree that in order to convict Defendant of Production of Child Pornography (Counts One, Two, and Three), in violation of 18

Black Plea Agreement

5

U.S.C. § 2251(a), the United States would have to prove beyond a reasonable doubt the following elements:

(a)  First:  At the time of the offenses charged in the Indictment, the minors identified as Victim A, Victim B, and Victim C, were under the age of eighteen;

(b)  Second:  On or about the dates charged in the Indictment, in the Eastern District of Washington, Defendant employed, used, persuaded, induced or enticed each minor victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

(c)  Third:  The visual depictions were produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

5. Factual Basis and Statement of Facts:

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for DALE GORDON BLACK'S guilty plea.  This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to

6

Black Plea Agreement

the sentencing guideline computations or sentencing, unless otherwise prohibited by this agreement.

On July 18, 2017, undercover Federal Bureau of Investigation (hereinafter "FBI") agents downloaded a partial child pornography video from IP address 71.80.158.80 using a peer-to-peer file sharing program. The video was titled, "Bacanal de Adolescentes," and depicted a 10 to 12 year old juvenile male throughout several years of his life, engaged in various sex acts including vaginal and oral sex with various females. Agents traced the origin of the IP address to Charter Communications in Kennewick, Washington, and served an administrative subpoena upon the company.

On August 3, 2017, the agents received a response from Charter Communications, indicating Defendant, DALE GORDON BLACK, was the assigned subscriber from the aforementioned IP address from February 15, 2017, through July 24, 2017, at 3121 West 30th Avenue, Apartment N102, in Kennewick, Washington. The response also included an email address and phone number for Defendant. The agents queried local law enforcement databases for information regarding Defendant and learned Defendant had been arrested on April 20, 2017, in Benton County, Washington, for sexual offenses against children, specifically, Rape of a Child in the First Degree, Child Molestation in the First Degree, and Child Molestation in the Third Degree (two counts).

On August 14, 2017, the agents obtained a federal search warrant for the Defendant's residence at 3121 West 30th Avenue, Apartment N102, in Kennewick, Washington. On August 15, 2017, the agents executed the search warrant and located Defendant in the residence. During the course of the execution of the search warrant, agents located and seized multiple electronic devices, including computers, SD cards, a hard drive, and a phone.

The seized devices were forensically examined. The forensic examiner located child pornography images and videos of minor males on two electronic devices located in Defendant's residence including a Dell desktop computer, Model XPS 8500 (Serial Number HDLC4V1), and an Apple iPhone 6, Model A1549 (IMEI Number 354406064655583). Specifically, the forensic examiner located child pornography images of Victims A, B, and C, on Defendant's Dell desktop computer. The images depicted the lascivious exhibition of the genitals of each victim at the time s/he was a minor, as well as some of the minor victims involved in sex acts, as further described below.

Minor Victim A

Beginning on or about January 1, 2002, and continuing through on or about December 31, 2005, Defendant produced images depicting the lascivious exhibition of Minor A's genitals

at Defendant's residence in Kennewick, Washington.  Defendant knew Victim A was a minor at the time he produced child pornography images of Victim A.  Defendant also sexually abused Victim A.

Defendant was a close friend of Victim A's family and engaged in extensive grooming behaviors with Victim A, including buying him gifts and taking him on overnight trips.  Victim A was in the Defendant's care, custody, and control, when Defendant produced the child pornography images depicting Victim A.

Minor Victim B

Beginning on or about October 1, 2014, and continuing through on or about June 3, 2016, Defendant produced images depicting the lascivious exhibition of Victim B's genitals and Victim B masturbating at Defendant's residence in Kennewick, Washington.  Defendant also produced images of Victim B engaged in sexual intercourse with Victim C in a hotel in Oregon.  Defendant knew Victim B was a minor at the time he produced child pornography images of Victim B.

Defendant met Victim B through a local mentoring program called "Ignite Youth Mentoring."  The program focused on serving at risk elementary and middle school youth.  Defendant mentored Victim B, and met Victim C through Victim B.

On or about August 4, 2015, and continuing through on or about August 6, 2015, Defendant transported minor Victim B and minor Victim C to Oregon.  Agents found spreadsheets corroborating the trip, as well as child pornography images of both

victims in the hotel room in Oregon. Defendant transported the minor victims to Oregon in a 2015 Subaru Legacy vehicle (VIN:4S3BNAN68F3057860). Victim B was in the Defendant's care, custody, and control, when Defendant produced the child pornography images depicting Victim B.

Minor Victim C

Beginning on or about February 16, 2015, and continuing through on or about October 8, 2016, Defendant produced images depicting the lascivious exhibition of Victim C's genitals and Victim C masturbating at Defendant's residence in Kennewick, Washington. Defendant also produced images of Victim C engaging in sexual intercourse with Victim B at a hotel in Oregon. Defendant knew Victim C was a minor at the time he produced child pornography images of Victim C. Victim C was in the Defendant's care, custody, and control, when Defendant produced the child pornography images depicting Victim C.

Review and Storage of Child Pornography

The forensic examiner located approximately 664 child pornography images and seven (7) child pornography videos on Defendant's electronic devices, including known child pornography series images and images Defendant produced of Victims A, B and C. Defendant agrees and stipulates that he produced, viewed, and stored child pornography images in his residence, located at 3121 West 30th Avenue, Apartment N102, in Kennewick, Washington. Defendant further agrees and stipulates

Black Plea Agreement

that he utilized the following devices to produce, view, distribute, or possess child pornography images: Dell Desktop Computer Model XPS 8500 (Serial Number HDLC4V1), Apple iPhone 6, Model A1549 (IMEI Number 354406064655583), Apple iMac Computer Model, A1419 (Serial Number WCC4M2XUKZ9D), and Western Digital My Book HD External Hard Drive (Serial Number WCC4M2XUKZ9D).

The Dell desktop computer, Model XPS 8500 (Serial Number HDLC4V1), and Apple iPhone 6, Model A1549 (IMEI Number 354406064655583), and/or said devices' component parts, utilized by Defendant to produce the child pornography images of Victims A, B, and C, were mailed, shipped or transported in interstate or foreign commerce.

6. The United States Agrees:

(a) Dismissal(s):

At the time of sentencing, the United States agrees to move to dismiss Counts Four through Seven of the Indictment, which charge Defendant with Transportation of Minors for Illegal Sexual Activity, in violation of 18 U.S.C. § 2423(a), Receipt of Child Pornography, in violation of 18 U.S.C. 2252A(a)(2), Distribution of Child Pornography, in violation of 18 U.S.C. 2252A(a)(2), and Possession of Child Pornography, in violation of 18 U.S.C. 2252A(a)(5)(B), respectively.

//

Black Plea Agreement

11

(b) Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement unless Defendant breaches this Plea Agreement any time before or after sentencing.

7. United States Sentencing Guideline Calculations:

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.

      (a)    Base Offense Level: Production of Child Pornography (Counts One, Two, and Three)

The United States and Defendant agree that the base offense level for Production of Child Pornography is 32.  U.S.S.G. § 2G2.1(a).

      (b)    Specific Offense Characteristics: Production of Child Pornography (Counts One, Two, and Three)

Defendant and the United States agree and stipulate that the following specific offense characteristics are applicable to Counts One, Two, and Three.

The offense level will be increased by four (4) levels because the minor victims had not attained the age of 12 years.  U.S.S.G. §2G2.1(b)(1)(A).

Black Plea Agreement

The offense level will be increased two (2) levels because the offense involved the commission of sexual contact or a sexual act.  U.S.S.G. §2G2.1(b)(2)(A).

The offense will be increased by two (2) levels because the minor victims were in the care, custody or supervisory control of Defendant.  U.S.S.G. §2G2.1(b)(5).

(c)    Multiple Count Analysis

The United States and Defendant agree and stipulate that the counts of conviction do not group.

(d)    Repeat and Dangerous Sex Offender Against Minors

Defendant stipulates and agrees Counts One, Two, and Three are covered sex crimes and that he engaged in a pattern of activity involving prohibited sexual conduct, thereby increasing the offense level by five (5) levels.  U.S.S.G. § 4B1.5(b)(1).

(e)    Acceptance of Responsibility:

If Defendant pleads guilty and demonstrates a recognition and affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and accepts this Plea Agreement; the United States will move for a three (3) level downward adjustment in the offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).

Black Plea Agreement

13

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three (3) level downward adjustment for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

(f)    Criminal History:

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigation Report. The United States and Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

8.  Term of Imprisonment:

The United States and Defendant agree that this Plea Agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and to recommend Defendant be sentenced to 15 to 35 years of imprisonment for Production of Child Pornography, pursuant to Counts One, Two, and Three of the Indictment, to run concurrently, and to be followed by a lifetime term of supervised release. It is the intent of the parties that these terms of imprisonment shall be served in federal prison. If the Court does not accept the plea or chooses to sentence Defendant to a greater or lesser sentence than

Black Plea Agreement

the United States and Defendant have agreed upon, Defendant and the United States may each withdraw from the plea agreement, and this agreement is null and void.

Defendant and the Benton County Prosecutor's Office agree, upon Defendant's plea of guilty to Counts One through Three of the First Amended Information filed in case number 17-1-00383-6, specifically Rape of a Child in the First Degree (Count One), Child Molestation the First Degree (Count Two), and Child Molestation in the Third Degree (Count Three), to recommend a sentence of 15 to 35 years of incarceration, to be served concurrently with the federal sentences arising out of the Eastern District of Washington, and to recommend that the sentences be served in federal prison.

9.    Criminal Fine:

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

10.  Supervised Release:

The United States and Defendant agree to recommend a lifetime term of supervised release be imposed in the instant case.

11.  Restitution:

The United States and Defendant hereby stipulate and agree pursuant to 18 U.S.C. §§ 2259, 3663, 3663A and 3664, the Court should order restitution to Victims A, B, and C for the full amount of the victims' losses.  The United States and

Black Plea Agreement

15

Defendant hereby stipulate and agree that Victim A, Victim B, and Victim C, suffered

harm from actual sexual abuse caused by the Defendant.  The Defendant hereby

stipulates and agrees to pay Victim A, Victim B, and Victim C, restitution for any

harm proximately caused by Defendant's offenses of conviction.  The Defendant

further agrees and stipulates to pay restitution to Victim D, the victim of Defendant's

conduct as charged in Count 3 ~~and 4~~ of the Benton County Information.

The United States and Defendant hereby stipulate and agree that pursuant to 18

U.S.C. § 2259, the Court shall order restitution "Victims" may include legal guardians

or others in the case of a minor victim per 18 U.S.C. § 2259(c).  The United Stated

and Defendant also hereby stipulate and agree that the Court shall order full restitution

to any entity, organization, insurance company, individual(s), and/or medical

providers who provided medical services and/or funds related to the treatment of the

victims.

Defendant understands and agrees that the Court, in addition to any other

penalty, the Court may order Defendant to make restitution to any other victims of the

offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged,

whether or not Defendant enters a plea of guilty to such counts, and whether or not

such counts are dismissed pursuant to this agreement.  The parties agree that

restitution should first be made to the victims (Victims A, B, C and D) of Defendant's

Black Plea Agreement

offenses of conviction.  After such restitution is complete, restitution will be paid to the remaining victims.

Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement that will be provided by the earlier of 30 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on Defendant upon the signing of this Plea Agreement. Until such time as the fine or restitution order is paid in full, Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information. The parties agree that Defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

Defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613 and 3664(m), including, but not limited to, garnishment and execution, notwithstanding

17

Black Plea Agreement

any initial or subsequently modified payment schedule set by the court, in order to ensure that Defendant's restitution obligation is satisfied. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset Defendant's federal retirement benefits, tax refunds, and other federal benefits.

Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations. Further, pursuant to 18 U.S.C. § 3664(k), Defendant shall notify the court and the U.S. Attorney's Office within a reasonable period of time, but no later than 10 days, of any material change in Defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

Pursuant to 18 U.S.C. § 3612(b)(1)(F) Defendant understands and agrees that until a fine or restitution order is paid in full, Defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change.

//

Black Plea Agreement

12. Mandatory Special Penalty Assessment:

Defendant agrees to pay the $300 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13. Payments While Incarcerated:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14. Judicial Forfeiture:

The Defendant, DALE GORDON BLACK, agrees to voluntarily forfeit and relinquish all right, title and interest in all assets listed herein to the United States, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to the following:

DIGITAL DEVICES/COMPUTERS/PERIPHERALS

Any and all digital devices and peripherals, computers, external hard drives, iPads, phones, and cameras, including but not limited to the following listed assets:

-Dell Desktop Computer Model XPS 8500, Serial Number HDLC4V1

-Apple iPhone 6, Model A1549, IMEI Number 354406064655583

Black Plea Agreement



-Apple iMac 27 inch Computer Model, A1419, Serial Number WCC4M2XUKZ9D

-Western Digital My Book HD External Hard Drive, Serial Number WCC4M2XUKZ9D

CONVEYANCES

-2015 Subaru Legacy, VIN: 4S3BNAN68F3057860, Washington License Plate: AUX4435

CASH IN LIEU

The Defendant agrees to remit to the United States, at the change of plea or at or before sentencing, $185,900.00 in U.S. funds in the form of a cashier's check made payable to the "United States Marshal's Service," in lieu of forfeiture of the below-described real property:

> All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, known as 3121 West 30th Avenue, Building N, Unit 102, Kennewick, Washington, legally described as follows:
>
> > Section 15, Township 8, Range 29, Quarter NE: Plat Subdivision RIDGELINE AT CANYON LAKES, Lot 20, Recorded April 4, 2007, AF#2007-010335.
>
> APN 115891190000020

If the Defendant timely remits the $185,900.00, the United States will release

the lis pendens currently recorded against the real property.

The Defendant stipulates and agrees that if the $185,900.00 in lieu of forfeiture

is not provided as agreed herein, the real property located at 3121 West 30th Avenue,

Building N, Unit 102, Kennewick, Washington, legally described above, will be

forfeited to the United States, and Defendant will execute any pleadings necessary to

20

Black Plea Agreement

complete such forfeiture to the United States in any judicial forfeiture proceeding, whether civil or criminal.

The Defendant stipulates that he is the sole owner of the assets identified in this Plea Agreement and that no one else has an interest in the assets.

The Defendant stipulates and acknowledges that the assets listed above that the Defendant is agreeing to forfeit are subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and (b), as property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), as charged in Counts One, Two, and Three, of the Indictment to which Defendant is pleading guilty.

The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

The Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

Black Plea Agreement

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant waives any challenges or claims that the indictment lacked sufficient notice to the Defendant that the Government sought forfeiture of the property listed above for the counts to which Defendant pleads guilty.  Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

Non-Abatement of Criminal Forfeiture

Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture is collected in full.

15. Additional Violations of Law Can Void Plea Agreement:

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify

Black Plea Agreement

its recommendation for sentence if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

16. Appeal Rights:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. If the Court imposes a sentence of not more than 35 years imprisonment, Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order up to a total of $100,000 and any order of supervised release. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

17. Notice of Sex Offender Registration:

Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, Defendant must register and keep the registration current in each of the following jurisdictions: the location of Defendant's residence, the location of Defendant's employment; and, if Defendant is a student, the location of Defendant's school. Registration will require

Black Plea Agreement

23

that Defendant provide information that includes name, residence address, and the names and addresses of any places at which Defendant is or will be an employee or a student.  Defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  Defendant understands that failure to comply with these obligations subjects Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

18.  Integration Clause:

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.  This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities, except as specifically stated herein with regard to the Benton County Prosecutor's Office.  The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

//

//

//

Approvals and signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

JOSEPH H. HARRINGTON
United States Attorney

_____          12/18/18
LAUREL J. HOLLAND                          Date
Assistant U.S. Attorney

Agreed and submitted on behalf of the Benton County Prosecutors Office.

ANDY MILLER
Benton County Prosecuting Attorney

_____          12/18/18
ANITA I. PETRA                             Date
Benton County Deputy Prosecutor

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____          _____
DALE GORDON BLACK                          Date
Defendant

25

Black Plea Agreement

Approvals and signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

JOSEPH H. HARRINGTON
United States Attorney

_____          _____
LAUREL J. HOLLAND                                              Date
Assistant U.S. Attorney

Agreed and submitted on behalf of the Benton County Prosecutors Office.

ANDY MILLER
Benton County Prosecuting Attorney

_____          _____
ANITA I. PETRA                                                   Date
Benton County Deputy Prosecutor

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____          12-6-18
DALE GORDON BLACK                                        Date
Defendant

25

Black Plea Agreement

I have read this Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

SCOTT W. JOHNSON
Attorney for Defendant

Date

26

Black Plea Agreement