Joseph H. Harrington
United States Attorney
Eastern District of Washington
Alison L. Gregoire
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>        v.<br><br>DALE GORDON BLACK,<br><br>                   Defendant. | No. 4:18-CR-06029-EFS-1<br><br>United States Response to Defendant's Sentencing Memorandum |

Plaintiff, United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and Alison L. Gregoire, Assistant United States Attorney for the Eastern District of Washington, submits the following response to Defendant's sentencing memorandum (ECF No. 65).

1.  First time offender. ECF No. 65 at 7.

Defendant's statement is correct insofar as he lacks criminal history. However, his lack of criminal history was already taken into account in calculating his sentencing guideline range.

Government's Response to Defendant's Sentencing Memorandum - 1

While this is Defendant's first conviction; it is far from his first offense. Defendant is a "first time offender" only in the sense that he was not caught on the previous occasions when he abused numerous children for some fourteen years. More importantly, however, his criminal history is not unique in a sense that it justifies imposing a sentence far different from the heartland of sentences for similarly situated defendants. Indeed, were Defendant to have a prior sex offense, he would suffer another at least ten years of mandatory incarceration, pursuant to the statute of conviction and, assuming he was a registering sex offender, could also serve another ten years consecutive for the violation of 18 U.S.C. § 2260A. 18 U.S.C. § 2251(e) ("but if such person has one prior conviction under this chapter . . . imprisoned for not less than 25 nor more than 50 years"); 18 U.S.C. § 2260A ("Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision").  Of note, Defendant also argues the sought sentence is more severe than "other similar defendants who physically abused children hands-on." ECF No. 65 at 21.  The United States notes a person who sexually abuses children under the age of twelve and is prosecuted federally under 18 U.S.C. § 2241(c) is sentenced to "not less than 30 years or for life."

> 2.  Since his initial contact with case agents, Mr. Black has been cooperative with law enforcement and the judicial system as evidenced by his immediate admissions and timely guilty plea. ECF No. 65 at 7.

As a point of clarification, Defendant did not say anything to law enforcement about what he had done or who he had done it to.  The United States

Government's Response to Defendant's Sentencing Memorandum - 2

fully agrees he was not obstructionist, but to the extent Defendant argues he made "immediate admissions," such was not the case. The government agrees Defendant pled guilty promptly and deserves full credit for acceptance of responsibility in this case, but determining the scope of the abuse, identifying and locating the victims was left to law enforcement in this case.

3. "Could incarcerate him for his remaining years." ECF NO. 65 at 7.

Defendant notes he faces a 30 year sentence, which he argues would be unjust given his age, and he notes the same "could incarcerate him for his remaining years." ECF NO. 65 at 7. The government initially notes, both the statutory maximum sentence and the applicable guideline range are 90 years. ECF No. 53 at 19. The government additionally notes the Fed. R. Crim. P. 11(c)(1)(C) plea agreement detailed a range up to 35 years imprisonment, which is what the government is seeking in this case. ECF No. 53 at 4.

Insofar as Defendant argues he should receive less time because he is 62 years old, the Ninth Circuit has rejected such an argument. *United States v. Seljan*, 547 F.3d 993, 1007 (9th Cir. 2008) (20-year sentence for 87 year old was reasonable though it was tantamount to life imprisonment for attempted travel with intent to engage in illicit conduct with a minor). Defendant's suggested sentence of 15 years is insufficient. Fifteen 15 years is the mandatory minimum for Defendant's offense of conviction for the least of the conduct covered by the offense. 18 U.S.C. § 2251. In other words, a person who engages in remote production, via the internet, with a seventeen year old, would be subject to the fifteen year mandatory minimum. Defendant's three offenses, involving multiple victims over more than a decade of time, with whom he had special trust relationships, certainly involves more than the minimum misconduct justifying the minimum sentence.

Government's Response to Defendant's Sentencing Memorandum - 3

Defendants have been sentenced to far more significant sentences, even upward departures from the guidelines, in production cases. *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (noting that "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses" and affirming 1,200-month sentence); *United States v. Johnson*, 451 F.3d 1239, 1244 (11th Cir.2006) (upholding as reasonable a 140-year sentence for abusing and photographing three boys between the ages of 8 and 16 based on consecutive statutory maximums under 18 U.S.C. § 2251(e) and § 2252A(b)(1)); *United States v. Kapordelis*, 569 F.3d 1291, 1318-19 (11th Cir. 2009) (upholding as reasonable a 420-month sentence, which represented an upward variance from the 262-327-month advisory guidelines range and included 240-month sentences on counts charging production of child pornography under § 2251(a) and 180-month consecutive sentences on counts charging receipt of child pornography under § 2252A(a)(2)(A)); *United States v. Huffstatler*, 561 F.3d 694, 698 (7th Cir.2009) (upholding as reasonable an above-guidelines, 450-month sentence for producing pornographic pictures of a 14-year-old boy); *United States v. Raplinger*, 555 F.3d 687, 695 (8th Cir. 2009) (upholding as reasonable a 457-month sentence for photographing and having sexual intercourse with a 15-year-old girl); *United States v. Betcher,* 534 F.3d 820, 827-28 (8th Cir. 2008) (upholding as reasonable a 750-year sentence for a first-time offender who had taken pornographic pictures of five 8 to 11-year-old girls, including two of his granddaughters).

    4.    Defendant's recidivism likelihood is low per the Static 99R. ECF No. 65 at 8.

First, it would seem Defendant's Static 99 was scored incorrectly as it indicates there were no unrelated victims. ECF No. 65-2. The United States has no reason to believe Defendant was related to *any* of his victims, let alone that they

Government's Response to Defendant's Sentencing Memorandum - 4

were in his immediate family. Second, and more importantly, the test is driven off of prior convictions. The ten risk factors in the Static 99 are: age of offender; stability of relationships; whether most recent conviction is for non-sexual violence; any prior conviction for non-sexual violence; number of sexual offense convictions or charges prior to most recent offense; has individual been sentenced on more than four prior occasions; convictions for non-contact sex offenses; any unrelated victims; any stranger victims; and any male victims. The "index offense" does not count, even in cases such as the instant case where the "index offense" is a composite of several cases, over several years, involving several victims. The test is also not intended for child pornography offenders, and for this reason, neither test is endorsed as a tool for predicting likelihood of any kind of recidivism among the child pornography offenders. The tests are intended to assess the risk of hands-on sex offenses by hands-on offenders. Says nothing of likelihood of recidivism for child pornography offenses. Thus, the test does not speak to Defendant's likelihood to recidivate through a child pornography offense that is not "hands-on."

> 5. While Mr. Black is not trying to deflect responsibility, it is obvious that his pornography addiction over the years served as a pathway and precursor to his hands on sexual offending. It is plausible to assume Mr. Black's sexual offending could have been diverted if his addiction to pornography had been properly treated at an earlier stage. ECF No. 65 at 13.

The United States appreciates how carefully worded the defense claim is and understands the defense is attempting to cautiously walk a very fine line in advocating for Defendant. That said if Defendant, a well off, college educated Hanford engineer with a near idyllic childhood did not have the means and ability to secure treatment on his own, who would? What Defendant seems to be arguing is that he should have been caught earlier and prosecuted sooner such that he would have been made to obtain treatment. Respectfully, Defendant utilized his

Government's Response to Defendant's Sentencing Memorandum - 5

substantial knowledge of computers and tech savvy to avoid being caught. Defendant sought out particularly vulnerable victims to avoid being caught. The government is not at fault for Defendant's continued abuse of children for over a decade, because he was not made to obtain treatment at an earlier stage. Defendant is at fault; Defendant is responsible.

> 6. Defendant's social awkwardness and his sexual exploitation conviction make him vulnerable to abuse in prison, which may warrant a downward departure. ECF No. 65 at 15.

As was noted by the Ninth Circuit, the concerns of Defendant are equally present for all similarly situated sex offenders who face prison sentences; his case is not unusual. *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008) (citing *United States v. Kapitzke*, 130 F.3d 820, 822 (8th Cir.1997) (reversing a downward departure for susceptibility to abuse in prison that was based on the defendant's status as a child pornographer); *see also United States v. Parish*, 308 F.3d 1025, 1032 (9th Cir. 2002) (upholding a departure where the district court did not rely solely on the defendant's "mere membership in a class of offenders")). As noted by the Ninth Circuit in *Stoterau,* prison officials must "take reasonable measures to guarantee the safety of the inmates" and to "protect prisoners from violence at the hands of other prisoners." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994)).

> 7. Empirical data does not support child pornography guidelines. ECF No. 65 at 6.

"The child pornography Guidelines are, to a large extent, not the result of the Commission's 'exercise of its characteristic institutional role,' which requires that it base its determinations on 'empirical data and national experience,' but of frequent mandatory minimum legislation and specific congressional directives to

Government's Response to Defendant's Sentencing Memorandum - 6

the Commission to amend the Guidelines." *United States v. Henderson*, 649 F.3d 955, 962-63 (9th Cir. 2011). Therefore that district courts have discretion to deviate from the Guidelines based on policy disagreements with § 2G2.2. *Id*. at 964.  However, as *Henderson* also noted, "district courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them." *Id*. ("application of § 2G2.2 will always result in an unreasonable sentence"). "[S]entencing courts must continue to consider the applicable Guidelines range as the starting point and the initial benchmark." *Id*. (quotation omitted). If the Court believes the guidelines produce an appropriate sentence, it should not "second-guess [that] decisio[n] . . . simply because the particular Guideline is not empirically-based." *United States v. Mondragon-- Santiago*, 564 F.3d 357, 367 (5th Cir. 2009); *see also United States v. Coleman*, 635 F.3d 380, 383 (8th Cir. 2011) ("argument that the child pornography Guidelines are unsupported by empirical evidence is not an issue of substantive reasonableness and not properly made to this court").

All of that said, in this case, the United States is not seeking a Guideline sentence.  In fact, the United States is seeking a 55 year downward variance from 90 years down to 35 years.

8.    Restitution

The series victims seeking restitution are SurferHair (4 images) RapJerseys (3 images) and SpongB (6 images).  "Series" restitution requests are often resolved in the Eastern District of Washington in the amount of $1,000 per image. Counsel for SurferHair and RapJerseys has indicated SurferHair and RapJerseys will accept $1,000 per image for a total award of $4,000 and $3,000 respectively. Undersigned counsel has attempted to contact SpongB's attorney(s) several times without success in an attempt to ascertain the basis for SpongB's request for $58, 415 in

Government's Response to Defendant's Sentencing Memorandum - 7

restitution. The United States believes $1,000 an image for a total $6,000 award to SpongB would be appropriate in this case.

Defendant contends that he is "unaware of any additional restitution owed to Victim A" beyond the civil settlement entered into between Defendant and Victim A in January 2019. ECF No. 65 at 30. It is the Government's understanding that the restitution sought by Victim A concerns costs incurred as result of this criminal matter, which are separate and apart from the civil settlement and should be covered by a restitution order providing for the restitution sought by Victim A in the amount of $3,150.

Victim B and Victim C still have restitution claims outstanding. They were contacted again on July 3, 2019. Both victims are currently undergoing counseling, as are members of their families. Victim B and Victim C and their families are gathering restitution and may need additional time to finalize their requests. If the restitution information from these victims is not received prior to sentencing, the United States intends to move the Court to set out the date for the restitution hearing as to only these victims. *See* 18 U.S.C. § 3664(d)(5) ("If the victims' losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or probation officer shall inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."). The United States would intend to proceed with sentencing, forfeiture, fines, and the rest of the restitution claims.

9.    Fine

Defendant acknowledges that a fine is mandatory in this matter. ECF No. 65 at 30. Defendant's proposed fine of $150,000, however, fails to reflect the seriousness of the crime or provide just punishment. U.S.S.G. § 5E1.2(d). Moreover, a fine at the lowest end of the Sentencing Guidelines would not be

Government's Response to Defendant's Sentencing Memorandum - 8

punitive, nor would it provide adequate deterrence as the Defendant would be left with nearly $1 million. *Id.*

As noted in the Government's sentencing memorandum, all of the factors of 18 U.S.C. § 3572 and U.S.S.G. § 5E1.2(d) favor the imposition of a substantial fine, including Defendant's ability to pay, the absence of any dependents, the lack of any adverse effect on restitution, the expected costs to the government for imprisonment, the seriousness of the offense conduct, the life-altering harm to the victims, the need for deterrence, and the need for just punishment.

Defendant argues that equitable considerations favor the lowest possible fine because "[i]f the Court were to order $750,000 in fines, Mr. Black would be in peril of being at near poverty level income shortly after he would be released from prison." ECF No. 65 at 32. Putting aside whether the Court should look at the Defendant's gross assets value or take into account unrealized, potential taxes and fees when assessing the Defendant's ability to pay, Defendant himself <u>admits</u> that "if the Court imposed a fine of $750,000, Mr. Black would be left with approximately $224,771 in assets." *Id.* Retaining nearly a quarter of a million dollars in investment assets is not "near poverty level income" or "perilously close to the poverty line." *Id.* 32-33. Further, Defendant incorrectly uses median household income to conclude that his yearly net pension income of $26,400 places him "near poverty level income." The United States Department of Health and Human Service poverty guideline for a single individual with no dependents in 2019 is $12,490. *See* U.S. Federal Poverty Guidelines for 2019, *available at* https://aspe.hhs.gov/poverty-guidelines. Defendant's pension income alone is more than double the poverty level income level. In addition, Defendant would receive unaccounted for Social Security benefits since he is at retirement age. Plus, using Defendant's own numbers, he would have nearly a quarter of a million dollars in

Government's Response to Defendant's Sentencing Memorandum - 9

retirement savings. Accordingly, none of the equitable considerations or other factors support the fine requested by Defendant.

Finally, the forfeiture of the Defendant's vehicle and $186,500 cash-in-lieu of forfeiture of his residence, along with the $325,000 civil settlement with Victim A, should not be considered to be funds Defendant has already had to pay in this case. ECF No. 65 at 32, 34 (including the amounts of the forfeited assets as money Defendant "has or will pay based on this case."). Forfeiture is distinct from restitution and other monetary penalties, including fines, imposed by the court. *United States v. Newman*, 659 F.3d 1235, 1240-41 (9th Cir. 2011). These assets are to be forfeited because they facilitated the offense conduct. The forfeiture of these assets is not another monetary penalty or obligation that should be taken into account when determining whether to impose a fine, except to the extent the forfeiture affects the Defendant's ability to pay, which it does not since the Defendant's reported assets do not include the forfeited assets. ECF No. 59 at 19-20; ECF No. 53 at 15.

Respectfully submitted this 9th day of July 2019.

Joseph H. Harrington
United States Attorney

*s/ Alison L. Gregoire*
Alison L. Gregoire
Assistant United States Attorney

Government's Response to Defendant's Sentencing Memorandum - 10

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Scott W. Johnson, scott@johnsonorr.com

                              *s/Alison L. Gregoire*
                              Alison L. Gregoire
                              Assistant United States Attorney

Government's Response to Defendant's Sentencing Memorandum - 11