William D. Hyslop
United States Attorney
Eastern District of Washington
Alison L. Gregoire
Brian M. Donovan
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DALE GORDON BLACK, <br><br> Defendant. | No. 4:18-CR-06029-EFS-1 <br><br> UNITED STATES' MEMORANDUM REGARDING RESTITUTION FOR VICTIM B AND VICTIM C <br><br> Hearing: October 15, 2019 at 1:30 p.m. |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Alison L. Gregoire and Brian M. Donovan, Assistant United States Attorneys, respectfully submit this memorandum regarding restitution for Victim B and Victim C. ECF No. 89.

On July 16, 2019, Defendant was sentenced and ordered to pay restitution in the current amount of $19,150 to Victim A and the identified series victims pursuant to 18 U.S.C. §§ 2259 and 3663A. ECF No. 79. Pursuant to 18 U.S.C. § 3664(d), the Court held in abeyance its final determination of restitution owed to Victims B and C to ensure that the victims had an opportunity to submit requests

UNITED STATES' MEMORANDUM REGARDING
RESTITUTION FOR VICTIM B AND VICTIM C - 1

for restitution. *Id.*; ECF No. 89. Victim B's restitution request is attached hereto as Exhibit 1 and Victim C's restitution request is attached hereto as Exhibit 2.

## II.    LEGAL ANALYSIS

Restitution is mandatory pursuant to 18 U.S.C. §§ 2259 and 3663A. In the Plea Agreement, Defendant agreed that the Court "should order restitution to Victims A, B, and C for the full amount of the victims' losses." ECF No. 49 at 15. Defendant further stipulated and agreed to pay Victims A, B, and C restitution "for any harm proximately caused by Defendant's offenses of conviction." *Id.* at 16.

Pursuant to 18 U.S.C. § 2259(b), Victims B and C are entitled to receive restitution "for the full amount of the victim's losses," which includes "any costs incurred by the victim" for:

> (A) Medical services relating to physical, psychiatric, or psychological care;
>
> (B) Physical and occupational therapy or rehabilitation;
>
> (C) Necessary transportation, temporary housing, and child care expenses;
>
> (D) Lost income;
>
> (E) Attorneys" fees, as well as other costs incurred; and
>
> (F) Any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(3) (2018).[1]

---

[1] Section 2259(b)(3) was amended on December 7, 2018. *See* Pub. L. 115–299, §§ 3(a), (b), 4, Dec. 7, 2018, 132 Stat. 4384, 4385. The amendment, however, is inapplicable to Defendant because his offense conduct pre-dates the amendment. *Id.* ("It is the sense of Congress that individuals who violate this chapter prior to the date of the enactment of the Amy, Vicky, and Andy Child Pornography Victim

UNITED STATES' MEMORANDUM REGARDING
RESTITUTION FOR VICTIM B AND VICTIM C - 2

A faithful reading of the statute leads to the conclusion that victims who are harmed by defendant's offense – whether proximately or otherwise – are entitled to compensation for any of the losses specified in 18 U.S.C. § 2259(b)(3)(A)-(E), and for unspecified losses suffered as a "proximate result" of the offense pursuant to 18 USC § 2259(b)(3)(F). In other words, after a person is determined to be a "victim," that person need only demonstrate that his or her loss proximately resulted from defendant's offense if he or she is seeking compensation for a loss not specifically enumerated.

Section 2259 is phrased in "generous" and "broad" terms to compensate sexual exploitation victims for the full amount of their losses and courts have thus refrained from imposing a causation requirement approaching "mathematical precision." *United States v. Doe*, 488 F.3d 1154, 1159-1160 (9th Cir. 2007); *United States v. Danser*, 270 F.3d 451, 455 (7th Cir. 2001); *United States v. Crandon*, 173 F.3d 122, 126 (3d Cir. 1999). District courts, moreover, "have broad discretion in ordering restitution ... to compensate the victims of sexual abuse for the care required to address the long term effects of their abuse." *United States v. Laney*, 189 F.3d 954, 966 (9th Cir. 1999).

Circuit courts have upheld restitution orders as long as the amount of the victim's losses was calculated with "reasonable certainty." *Doe*, 488 F.3d at 1161 (finding that the district court did not abuse its discretion in finding that the medical expenses incurred by the victims were "reasonably related" to the

---

Assistance Act of 2018, but who are sentenced after such date, shall be subject to the statutory scheme that was in effect at the time the offenses were committed.") Accordingly, the United States cites to the version of § 2259(b) in effect at the time the offenses were committed.

UNITED STATES' MEMORANDUM REGARDING
RESTITUTION FOR VICTIM B AND VICTIM C - 3

defendant's criminal conduct and, "the additional strain or trauma stemming from [defendant's] actions was a substantial factor in causing the ultimate loss.'" (citation omitted)); *Laney*, 189 F.3d at 967 n.14 (upholding the district court's restitution award because it was a reasonable estimate and was not based on arbitrary calculations). If the loss is approximated, evidence like an expert witness's estimation is sufficient. *United States v. Palmer*, 643 F.3d 1060, 1068 (8th Cir. 2011).

Courts also have been willing to order restitution for the full amount of the victims" losses even when defendant's conduct was not the sole cause of the harm. *See, e.g., Crandon*, 173 F.3d at 126 (rejecting defendant's arguments that his sexual exploitation and abuse offenses could not be the proximate cause of the victim's losses because she may have suffered from preexisting psychological problems when it was reasonable to conclude that defendant's conduct was a substantial factor in causing the total loss); *United States v. Hackett*, 311 F.3d 989, 993 (9th Cir. 2002) (holding that proximate causation can exist where there are "multiple links in the causal chain"); *United States v. De La Fuente*, 353 F.3d 766, 772 (9th Cir. 2003) (noting the Court's past approval of restitution awards that "included losses at least one step removed from the offense conduct itself").

Courts routinely award restitution under § 2259 for a wide-range of direct and proximate costs, expenses, and losses in cases where the defendant sexually abused the child victim and/or participated in the production of child pornography in which the child victim was depicted. <u>Prospective losses (such as future counseling costs, future lost income) are recoverable</u>. *See*, *e.g., Doe,* 488 F.3d at 1160-62; *Palmer*, 643 F.3d at 1068; *Laney*, at 964-967; *United States v. Osman*, 853 F.3d 1184, 1188 (11th Cir. 2017). Pain and suffering are not recoverable. Pecuniary losses that can be quantified are recoverable.

Recently, the Ninth Circuit in *United States v. Rockett*, 752 Fed. App'x 448 (9th Cir. 2018) *cert. pending, Rockett v. United States*, No. 16-30213 (May 21, 2019), affirmed an award of direct losses for medical care *and* other losses, including family therapy and education assistance, proximately related to the offense conduct pursuant to § 2259(b)(3)(F). In *Rockett*, the defendant was convicted of one count of producing child pornography outside of the United States, one count of engaging in illicit sexual conduct with a minor in a foreign place, five counts of producing or attempting to produce child pornography, and one count of possession of child pornography. *Id.* at 449. The District Court awarded restitution to four victims for both future counseling costs and future high school, college, and vocational training costs. *See United States v. Rockett*, 2017 WL 6557642 at *7 (9th Cir. December 22, 2017) (Appellate Brief) (reciting facts of restitution award not articulated in Ninth Circuit's decision).

In upholding the foregoing restitution awards, the Ninth Circuit noted that "[u]nder 18 U.S.C. § 2259(b)(3), recoverable losses include medical services relating to physical, psychiatric or psychological care; "physical and occupational therapy or rehabilitation;" and "any other losses suffered by the victim as a proximate result of the offense." *Rockett*, 752 F. App'x at 450. Accordingly, the Court upheld the awards for individual and family therapy. The Court also upheld the awards for future educational and occupational expenses. "Although other factors may have contributed to the victims' inability to perform at or attend school, 'it was perfectly reasonable for the [district court] to conclude that the additional strain or trauma stemming from defendant's actions was a substantial factor in causing the ultimate loss.'" *Id.*, *citing United States v. Doe*, *supra*, at 1158. Finally, the Court held that the awards were justified even if it is not guaranteed that the victims will complete school or enroll in college. *See Rockett*,

*supra*, at 450 ("We have, however, affirmed restitution in similar cases without requiring actual use of the award for its specified purpose").

Additional samples of restitution awarded to victims in production of child pornography and sex exploitation cases include:

- *Doe*, *supra*, at 1160-1162: Upholding a $16,475.00 restitution order compensating eight victims for future expenses, including two years of counseling, alternative education programs, vocational training, and a case management fee;

- *Laney*, *supra*, at 964-967 (9th Cir. 1999): upholding a $60,000 restitution order to cover future psychological treatment and counseling for the victim and her family;

- *Osman*, 853 F.3d at 1188: upholding restitution in the amount of $16,250 for four stages of future counseling and therapy as the victim (who was an infant/toddler at the time of the offense conduct) reached future developmental stages;

- *United States v. Searle*, No. 02-1271, 2003 U.S. App. LEXIS 8614, at *7-8 (2d Cir. May 6, 2003): Upholding a $17,582.85 restitution order compensating victims' guardians for counseling, transportation to counseling, the cost of remodeling their home to accommodate the victims, and some of the cost of a vehicle purchased when custody of the victims was transferred to the guardians;

- *United States v. Julian*, 242 F.3d 1245 (10th Cir. 2001): Awarding $of $3,195 in restitution for past medical and counseling expenses, and remanding to district court to award future counseling or treatment costs;

- *United States v. Danser*, 270 F.3d 451, 455 (7th Cir. 2001): Upholding a $304,200.00 restitution order compensating the victim for the anticipated costs of future therapy.

Restitution for Victim B

The restitution request on behalf of Victim B was prepared by Kip Reese, LMHC, a licensed mental health counselor in the State of Washington. *See* Exhibit 1. Mr. Reese is a certified parenting instructor with over 13 years of experience was a mental health counselor. He specializes in working with children, teens, and families. Mr. Reese has met with Victim B and his mother. *Id.*

Victim B is currently 13 years of age. He was 9 years old when he was victimized by Defendant Black. Mr. Reese states, "Based on my experience and training crime committed against children of this manner may lead to lifelong behavioral and emotional issue due to the emotional and physical trauma of that crime and associated impact on brain development." Exhibit 1. The sexual abuse trauma suffered by Victim B may result in the manifestation of "emotional and behavioral disruptions, substance abuse, attachment and relationship issues as well as other work and home related issues." *Id.*

Treatment for the trauma suffered by Victim B is mental health counseling ranging from one to four hours per month, plus possible medication management and psychiatric services. In particular, counseling will be necessary during developmental milestones. *Id.*

In his professional opinion, Mr. Reese believes that Victim B will require future counseling and psychiatric services. Mr. Reese estimates future therapy while Victim B is a minor in the amount of 30 sessions per year at a cost of $150 per session. *Id.*

Mr. Reese estimates that therapy and treatment may be a lifelong necessity which would require counseling in adulthood. Mr. Reese also states it is reasonable to expect that Victim B's caregivers would require counseling in the future. *Id.*

Based on the information provided by Mr. Reese regarding the future counseling necessary for Victim B, the Government requests the following restitution on behalf of Victim B:

| AGE RANGE | SESSIONS PER YEAR | COST PER SESSION | NUMBER OF YEARS | TOTAL |
|---|---|---|---|---|
| Minor (ages 13-18) | 30 | $150 | 5 | $22,500 |
| Adult (ages 18-82)[2] | 12 | $150 | 64 | $115,200 |
| | | | TOTAL | $137,700 |

Pursuant to 18 U.S.C. § 3664(f)(2), (3), the Court must specify the manner in which payment of restitution is made based on the Defendant's assets and obligations and may order the Defendant to make a single, lump-sum payment immediately upon sentencing. In this case, Defendant has significant assets, even after payment of $311,516.92 in monetary penalties and restitution. ECF No. 53 at 15. As such, the Court should order the Defendant to pay the restitution to Victim B in full, in a single lump-sum payment, within 30 days of the Court's order.

Restitution for Victim C

The restitution request on behalf of Victim C was prepared by Lori Walker, LMFT, a licensed marriage and family therapist in the State of Washington. *See*

---

[2] According to the Social Security Administration's life expectancy tables, the life expectancy for Victim B is 82.3 years. *See* https://www.ssa.gov/cgi-bin/longevity.cgi. Based on this life expectancy, the Government calculates 64 years of projected adulthood for Victim B (82-18=64).

Exhibit 2 at 1. Her work focuses on children ages 3 to 12 who have experienced developmental trauma. She is trained in Art Therapy and certified in Play Therapy, which are mental health therapies for children demonstrated to treat trauma, attachment disruption, and other stress-induced mental health disorders. Ms. Walker is currently treating Victim C and his two younger siblings who remain in the care of the Washington State Department of Children, Youth and Families (DCYF). *Id.*

Victim C is eleven years old and is the victim of sexual abuse perpetuated by Defendant Black. As a result of the sexual abuse experienced by Victim C, Ms. Walker has diagnosed Victim C as suffering from Acute Stress Disorder with attachment distress. *Id.* "Acute Stress Disorder is characterized by exposure to traumatic events that can be chronic and cause extreme, unresolved distress." *Id.* at 1-2.

> Unlike singular incident traumas that happen to an adult with a fully developed nervous system, developmental trauma in children can best be viewed as a chronic condition: the effects can be expected to continue to cause impairments in social, emotional, cognitive, and neurobiological functioning that will need support throughout the lifespan. Because of the developmental stage at which these traumas were inflicted by Mr. Black and duration of time they lasted, Victim C can be expected to experience symptoms related to child sexual abuse throughout his lifespan.

*Id.* at 2.

Victim C shows comprises across the hierarchy of brain development and compromises in all levels of functional domains, including sensory integration, self-regulation, relational, and cognitive functioning. *Id.* at 3. Victim C's Cortical Modulation Ratio is "<u>below</u> the norm one expects to see in early childhood (around three years old)." *Id.* (emphasis included).

Ms. Walker identifies four categories of therapy necessary for Victim C to address the mental, physical, and relational repercussions of his abuse: (1) sensory integration functioning therapy; (2) self-regulation functioning therapy; (3) relational functioning therapy; and (4) cognitive functioning therapy. *Id.* at 4-5. In addition, due to the nature of the trauma experienced by Victim C, Ms. Walker expects Victim C to require lifelong counseling. *Id.* at 5. Accordingly, Ms. Walker requests the following categories of restitution for Victim C:

| AGE RANGE | THERAPY | SESSIONS PER YEAR | COST PER SESSION | NUMBER OF YEARS | TOTAL |
|---|---|---|---|---|---|
| Minor (ages 11-21) | Sensory integration interventions | 52 | $150 | 10 | $78,000 |
| Minor (ages 11-21) | Self-regulating interventions | 52 | $150 | 10 | $78,000 |
| Minor (ages 11-21) | Relational functioning | 52 | $150 | 10 | $78,000 |
| Minor (ages 16-21) | Cognitive functioning | 52 | $150 | 5 | $39,000 |
| **Total for future minor mental health therapy and developmental repair:** | | | | | **$273,000** |
| Adult (ages 22-80) | Mental health counseling | 52 | $150 | 58 | $452,400 |
| Adult (ages 22-80) | In-patient or alternative mental health treatment | 12 | $15,000/mo | 1 | $210,000 |
| **Total for future adult mental health repair and maintenance:** | | | | | **$662,400** |
| Ages 11-80 | Health insurance for physical health repair and maintenance | N/A | $1,500/mo | 69 | $1,242,000 |

UNITED STATES' MEMORANDUM REGARDING
RESTITUTION FOR VICTIM B AND VICTIM C -10

| Ages 11-80 | Deductibles for health insurance for physical health repair and maintenance | N/A | $1,500/yr | 69 | $103,500 |
|---|---|---|---|---|---|
| **Total for future adult physical health repair and maintenance:** | | | | | **$1,845,500** |
| | | | | **TOTAL** | **$2,780,900** |

As noted above, § 2259(b)(3) defines "full amount of the victim's losses" as including any costs the victim incurred due to: medical services relating to physical, psychiatric, or psychological care; physical and occupational therapy or rehabilitation; transportation, temporary housing, and child care expenses; lost income; attorneys' fees or costs; and any other losses proximately caused by the defendant's offense. 18 U.S.C. § 2259(b)(3). Prospective losses (such as future counseling costs, future lost income) are recoverable, as are pecuniary losses that can be quantified, but pain and suffering is not recoverable. The losses must be directly or proximately caused by the Defendant's conduct. Based on this standard, the Government believes that some, but not all, of the restitution sought on behalf of Victim C should be awarded by the Court.

Under § 2259, Victim C is clearly entitled to recover restitution for past medical services. Based on Ms. Walker's statement, Victim C has participated in 15 one-hour counseling sessions with Ms. Walker. The restitution owed for these past counseling sessions totals $2,250 and should be awarded by the Court.

Likewise, Victim C is clearly entitled to recover restitution for future therapy costs. *See, e.g., Rockett*, 752 F. App'x at 450; *Doe*, 488 F.3d at 1160-62; *Laney*, 189 F.3d at 964-967. The question is whether the amount of future therapy costs sought for Victim C is reasonable. Ms. Walker recommends four therapy sessions per week from ages 11-21 to address sensory integration functioning, self-

regulation functioning, relational functioning, and cognitive functioning. Exhibit 2 at 4-5. She also recommends one therapy session per week from the ages 21-80. *Id.* at 5. Ms. Walker provides significant justification in her declaration for the future therapy that she believes Victim C will require to adequately address the harm suffered from Defendant Black's sexual abuse. *See* Exhibit 2 at 3-5. Ms. Walker has also addressed in detail the extensive harms suffered by Victim C, both in her declaration and her previous victim impact statement submitted to the Court at sentencing. *See* Exhibit 2 at 1-3. Despite her extensive written statements, the Government believes testimony from Ms. Walker at the restitution hearing will be necessary for the Court to ultimately make a determination of the amount of future therapy required by Victim C and reasonableness of the requested restitution. Thus, depending on Ms. Walker's testimony regarding future therapy for Victim C, the Government requests restitution for future therapy costs of <u>not *more* than</u> $725,400.

The Government believes, however, that the "in-patient or alternative mental health treatment" in the amount of $210,000 requested on behalf of Victim C is not warranted. *See* Exhibit 2 at 5. This category of restitution is based on potential future in-patient treatments, such as yoga retreats or mediation retreats. *Id.* Based on the standard set by § 2259 and related case law, this request is too attenuated and lacks sufficient "reasonable certainty" to be awarded by the Court.

Similarly, the Government does not believe that the request for restitution for future health insurance costs and deductible costs is supportable under § 2259 and related case law. *See* Exhibit 2 at 6. The Government is cognizant that Victim C is at considerable risk to develop serious adverse health conditions in the future which will require access to adequate medical care. *Id.* However, future health insurance costs and deductibles are necessary future costs for all adults, regardless of their status as victim of crime. Thus, the requested restitution for the this

category of future costs lacks the proximate causal connection to the offense conduct necessary for such costs to be recoverable under § 2259.

In summary, the Government requests that the Court award restitution to Victim C for the below categories in the following amounts:

| Past therapy expenses (15 sessions x $150) | $2,250 |
| Future therapy as minor (ages 11-21) | not more than $273,000* |
| Future therapy as adult (ages 21-80) | not more than $452,400* |
| **TOTAL:** | **not more than $727,650** |

\* depending on Court's determination of future therapy requirements for Victim C after receiving testimony from Ms. Walker.

Finally, the Defendant's ability to pay restitution is immaterial to the Court's determination of the restitution owed to the victims. Section 366(f)(1)(A) of Title 18 specifically states, "In each order of restitution, the court <u>shall order restitution to each victim in the full amount of each victim's losses</u> as determined by the court and <u>without consideration of the economic circumstances of the defendant</u>." (emphasis added). *See generally In re Morning Star Packing Co., LP*, 711 F.3d 1142, 1144 (9th Cir. 2013) ("district court committed legal error in denying restitution because of [defendant's] claimed financial status and the potential availability of civil remedies"); *United States v. Matsumaru*, 244 F.3d 1092, 1108 (9th Cir. 2001) ("if the defendant is subject to the Mandatory Victims Restitution Act ('MVRA'), the district court need not assess the defendant's ability to pay restitution"). Accordingly, the Court must determine the amount of restitution owed to Victim C (and Victim B) without consideration of Defendant's resources.

Defendant's ability to pay is only relevant to the Court's determination of whether the restitution should be paid immediately in a lump sum, or paid in installments over a period of time. 18 U.S.C. § 3664(f)(2); *United States v. Curran*, 460 F. App'x 722, 724–25 (9th Cir. 2011) ("Although the court could not consider

Curran's financial condition in imposing restitution, it must do so when fashioning a payment schedule for it"). Thus, depending on the amount of restitution order for Victims B and C, the Court should order the restitution to be paid in a lump-sum immediately, or a partial lump-sum followed by installment payments, depending on its determination of Defendant's resources and ability to pay.

Respectfully submitted: October 1, 2019.

        William D. Hyslop
        United States Attorney

        *s/ Brian M. Donovan*
        Brian M. Donovan
        Alison L. Gregoire
        Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Scott W. Johnson

                                          *s/ Brian M. Donovan*
                                          Brian M. Donovan
                                          Assistant United States Attorney