FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>DALE GORDON BLACK,<br><br>                    Defendant. | No.   4:18-cr-06029-EFS<br><br>**ORDER OF RESTITUTION FOR VICTIMS B AND C**<br><br>**(AND STRIKING HEARING)** |

After reviewing the parties' proposed restitution order and other supplied information, including the declarations from the representatives of Victims B and C, the Court is satisfied that the proposed restitution order adequately compensates Victims B and C for their incurred and to-be-incurred losses resulting from Defendant's conduct. This Order memorializes the Court's restitution award as to Victims B and C; an Amended Judgment of Conviction will be separately entered to reflect this awarded restitution.

**A.    Background**

In June 2018, Defendant was charged with seven counts, including three counts of Production of Child Pornography in violation of 18 U.S.C. § 2251.[1] In

---

[1] ECF No. 1.

December 2018, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, Defendant plead guilty to three Production of Child Pornography counts, which related to Victims A, B, C, and D.[2] The parties recommended that Defendant be sentenced to a term of 15 to 35 years imprisonment per count, to run concurrently.[3] Defendant also agreed to pay "restitution to Victims A, B, and C for the full amount of the victims' losses" "for any harm proximately caused by Defendant's offenses of conviction."[4]

On July 16, 2019, Defendant was sentenced to thirty-years imprisonment and ordered to pay $300 in special assessments pursuant to 18 U.S.C. § 3013, restitution in the amount of $19,150 to Victim A and the identified series victims pursuant to 18 U.S.C. §§ 2259 and 3663A, a $5,000 Justice for Victims of Trafficking Act 2015 special assessment pursuant 18 U.S.C. § 3014(a), and a $300,000 fine pursuant to 18 U.S.C. § 3571(b).[5] Upon motion of the United States, the Court deferred determination of the amount of restitution owed to Victims B and C.[6] The restitution hearing was subsequently continued upon request of both

---

[2] ECF No. 49.

[3] ECF No. 49 at 4 & 14-15.

[4] ECF No. 49 at 15-16.

[5] ECF Nos. 82 & 84.

[6] ECF Nos. 75 & 82.

parties and due to COVID-19.[7] The Court directed the parties to provide information concerning Victims B and C, and the parties filed the directed notices, which the Court reviewed.[8]

Defendant, Victims B and C, and the representatives for Victims B and C have waived their right to appear before the Court at a restitution hearing.[9] In addition to waiving his right to attend the restitution hearing, Defendant waived his rights to appeal this restitution order and to file any post-conviction motion attacking this restitution order, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court entered this Order. The Court finds these waivers to be knowing and intelligent.

**B.    Standard**

Consistent with the parties' agreement, the Court's orders, and applicable statutes, restitution to Victims B and C is mandatory because they incurred—and will reasonably incur—losses as a result of the Defendant's child-pornography

---

[7] ECF Nos. 94, 99, 110, 114, & 117.

[8] ECF Nos. 111, 112, 113, 115, 116, 118, 119, 120, & 122

[9] ECF Nos. 98-1 & 122.

offenses.[10] The Court generously and broadly interprets the terms of 18 U.S.C. § 2259 to calculate the Victims' losses with "reasonable certainty."[11]

Victims B and C are entitled to receive costs for: 1) medical (physical, psychiatric, or psychological care) services, 2) physical and occupational therapy or rehabilitation, 3) necessary transportation, temporary housing, and child care expenses, 4) lost income, 5) attorney's fees and other cases incurred, and 6) any other losses suffered by the victim as a proximate result of the offense.[12]

Defendant's ability to pay is irrelevant to the Court's assessment of the Victims' losses.[13] However, the Court considers Defendant's economic circumstances in assessing whether restitution is to be paid in a lump-sum payment immediately or a partial lump-sum followed by installment payments.[14]

**C.    Restitution to Victims B and C**

The parties agree that Victim B (minor child A.O.) and Victim C (minor child L.S.) are entitled to receive restitution for past and future medical services, including physical, psychiatric, or psychological care, and further agree that Defendant will pay restitution in the amount of $200,000 to Victim B and $200,000

---

[10] 18 U.S.C. §§ 2259, 3663A. *See also* ECF No. 99 at 2.

[11] *See United States v. Doe*, 488 F.3d 1154, 1159-61 (9th Cir. 2007).

[12] 18 U.S.C. § 2259(b)(3) (2018).

[13] 28 U.S.C. § 3664(f)(1)(A).

[14] *Id.*

to Victim C. The parties agree that Defendant is to purchase a structured, guaranteed settlement annuity for both Victim B and C in the amount of $200,000 for each—the specifics of the agreement are set forth in ECF Nos. 116 and 122. The representatives for Victims B and C agree to the proposed restitution amounts and guaranteed terms of annuity payment.[15] The United States, Defendant, and Victims B and C (and their representatives) have had a full and fair opportunity to inform the Court as to these restitution matters.

The Court finds, with reasonable certainty, that the proposed restitution and guaranteed annuity payment terms for Victims B and C are just and compensate these Victims for incurred and to-be-incurred losses resulting from Defendant's conduct. Accordingly, the Court accepts the proposed restitution order for Victims B and C.

**IT IS HEREBY ORDERED**:

1. The May 18, 2020 hearing is **STRICKEN**.

---

[15] ECF Nos. 112, 113, 116, & 122. Victim C's father desires that Victim C be permitted access to the monies at age 24, rather than age 18. ECF No. 122. However, Victim C will be an adult at age 18 and there is no indication that he will lack capacity at that age. Therefore, the Court retains the proposed age of 18 as the age of access for Victim C. When Victim C attains the age of 18, he can elect when to receive the monies.

1  2.  Payment of the foregoing restitution amount shall be made by
2      Defendant as follows:
3      a.  The restitution payments shall be made in the form of a
4          separate structured settlement annuity in the amount of
5          $200,000 purchased by Dale Black for both Victim B (A.O.) and
6          Victim C (L.S.). The structured settlement annuities shall be
7          purchased from and paid out by Metropolitan Tower Life
8          Insurance Company (MetLife) with a Qualified Assignment to
9          MetLife Assignment Company, Inc.
10     b.  The structured settlement annuities purchased by Defendant
11         for the benefit of A.O. and L.S. shall provide future guaranteed
12         monthly payments in the amounts outlined in annuity payment
13         schedules attached as Exhibits 1 and 2 to ECF No. 116.
14     c.  The guaranteed annuity payments shall be paid monthly as set
15         forth in ECF No. 116's Exs. 1 and 2 annuity payment schedules
16         and paid to the payees listed on the sealed Payee List attached
17         to this Order.
18     d.  The guaranteed annuity payments shall be deposited by
19         MetLife for the benefit of A.O. and L.S. as follows:
20         i.  All guaranteed annuity payments provided for in
21             Exhibits 1 and 2 of ECF No. 116 from the inception of the
22             annuity until A.O.'s eighteenth (18th) birthday and L.S.'s

eighteenth (18th) birthday, respectively, shall be deposited into blocked bank accounts maintained for the benefit of A.O. and L.S. respectively. The parents, legal guardians, or other lawful representatives of A.O. and L.S. may obtain access to the funds deposited in the blocked bank accounts by filing a motion with this Court and obtaining an order granting withdrawal of funds from the blocked accounts. All annuity payments issued after A.O. and L.S. turn eighteen (18) years old, respectively, shall be paid directly to A.O. and L.S.

    ii. On A.O.'s and L.S.'s eighteenth (18th) birthdays, respectively, the blocked bank accounts provided for in the above subparagraph 2.d.i. shall automatically unblock without further order of the Court, and A.O. and L.S., respectively, shall have full access to such accounts and any funds remaining therein.

e. Defendant shall prepare two checks payable to "MetLife Assignment Company, Inc." in the amount of $200,000 each to fund the annuity for the benefit of A.O and to fund the annuity for the benefit of L.S. Such payments shall be made to MetLife by Defendant by June 1, 2020, or if the parties otherwise agree in writing, in any event no later than December 1, 2020.

  f. Defendant shall complete and provide with the payments a Qualified Assignment and Release Agreement in Accordance with Internal Revenue Code Section 130 form provided to Defendant's counsel. Upon completion and submittal of the foregoing form, the obligation to make the periodic payments described herein shall be assigned to MetLife Assignment Company, Inc. and funded by an annuity contract issued by Metropolitan Tower Life Insurance Company.

  g. The future annuity payment amounts outlined in Exhibits 1 and 2 of ECF No. 116 are guaranteed based upon a projected annuity purchase date of **June 1, 2020**. Any delay in funding the annuity that may result in a delay of the payment dates or change in payment amounts shall be recorded in the Qualified Assignment and Release Agreement and annuity contract without the need of obtaining an amended court order up to 180 days after the original purchase date.

  h. All sums set forth herein constitute damages on account of personal physical injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

3. Defendant shall notify the Clerk of Court and United States Attorney's Office upon completion of the payments provided for in

paragraph 2. Upon such notice, the United States Attorney's Office shall credit such payments to Defendant's account and no monetary penalties shall remain outstanding.

4. An Amended Judgment will be entered consistent with this Order.

5. Separate Orders establishing blocked bank accounts for Victims B and C will be entered to further execution of this Order.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and to provide copies to counsel and the U.S. Probation Office.

**DATED** this 15th day of May 2020.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge